UNITED STATES COURT OF APPEALS
**Filed 4/30/96**
FOR THE TENTH CIRCUIT

NOAH GUINN,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security Administration,*

     Defendant-Appellee.

No. 95-7127
(D.C. No. CV-94-601)
(E.D. Okla.)

ORDER AND JUDGMENT**

Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,*** District Judge.

---

\*      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*      Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Noah Guinn appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for social security disability benefits. Because the Secretary's decision is not supported by substantial evidence and/or legal error was committed, we reverse and remand for further proceedings.

Claimant first received benefits in 1979 for a heart condition. After surgery, he was determined not to be disabled, and benefits were discontinued in 1982. In May 1989, claimant again applied for benefits, alleging that he was unable to work because of his heart, headaches, and seizures. After a hearing, an administrative law judge (ALJ) determined that although claimant could not return to his former work, there existed a significant number of jobs in the national economy which claimant could perform. The Appeals Council denied review, and the case was appealed to the United States District Court for the Eastern District of Oklahoma. In 1992, the case was remanded to the Social Security Administration to identify its reasons for rejecting the opinion of claimant's treating physician and for further consideration of the evidence.

On remand, a hearing was held before a different ALJ, who found claimant capable of returning to his former work as a gravel crushing supervisor. The ALJ found that claimant suffered from only one severe impairment -- his heart condition -- which did not affect his ability to do the full range of light work. The ALJ rejected several of claimant's allegations for lack of documentation in the record. Noting that claimant's headaches had never been determined to be migraine in nature and that extensive laboratory tests had failed to establish a seizure disorder, the ALJ found that "the claimant suffers from neither headaches nor a seizure disorder which would affect his ability to engage in light work." R. I at 563. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. The district court affirmed, and this appeal followed.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant argues that the ALJ erred in disregarding treating physician Miller's opinion that he is disabled. The ALJ rejected Dr. Miller's opinion because the record did not show

3

a sufficient physician-patient relationship to establish Dr. Miller as a treating physician, and because Dr. Miller's opinion was not supported by objective medical evidence.

> Social security regulations define a treating physician as a
>
> physician . . . who has or has had an ongoing treatment relationship with [claimant]. . . . [A]n ongoing treatment relationship [exists] when the medical evidence establishes that [claimant] see[s] or ha[s] seen the physician . . . with a frequency consistent with accepted medical practice for the type of treatment and evaluation required for [claimant's] medical condition(s). [The SSA] may consider a physician . . . who has treated [claimant] only a few times or only after long intervals (e.g. twice a year), to be [a] treating source if the nature and frequency of the treatment is typical for [claimant's] condition(s).

20 C.F.R. § 404.1502.

Here, claimant alleges he became disabled in November 1988. R. I at 320. Although claimant may have had an ongoing treatment relationship with Dr. Miller through 1982, id. at 276-90, 300-05, the records show only sporadic visits to Dr. Miller after 1984, id. at 365-67. Instead, claimant received extensive evaluation and treatment for his heart condition, headaches, seizures, and eye problems from the Veterans Administration hospital during his alleged period of disability. See id. at 370-416, 442-58, 468-89, 504-50. Because claimant's conditions were of the type that required evaluation and treatment more often than once every year or two, Dr. Miller's opinion was not entitled to the deference afforded to that of a treating physician.

Even if Dr. Miller could be considered a treating physician, however, his opinion was properly rejected because it was "brief, conclusory, and unsupported by medical evidence." Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). Neither Dr. Miller's office notes nor his

4

opinion as to claimant's disability contain objective medical findings to support that opinion. See R. I at 365-67, 490. The ALJ did not err, therefore, in disregarding Dr. Miller's opinion that claimant is disabled.

Claimant also argues that the Secretary's findings regarding his headaches and seizures are not supported by substantial evidence. Although the Secretary's finding that claimant does not suffer from a severe seizure disorder is well-supported, we conclude that the finding regarding his headaches is contrary to the record and must be reversed.

To evaluate his claim of seizures, claimant was subjected to extensive testing, including daytime and nighttime EEG's. These tests revealed no seizure activity despite claimant's contemporaneous complaints of right-sided numbness. Id. at 506. This objective medical evidence supports the Secretary's finding that claimant does not suffer from a severe seizure disorder.

The finding that claimant does not suffer from severe headaches, however, is not supported by substantial evidence. After suffering several service-connected head injuries in the late-1950's, claimant has been evaluated and treated consistently for headaches from that time, see id. at 169, 240, 365-67, 463-64; see generally id. at 370-420, 453-58, 504-21, and receives service-connected benefits for this condition, id. at 491, 576. His EEG revealed findings which, although not specific to migraine headaches, "could be seen in association with migraine." Id. at 405. Although some doctors questioned whether claimant's headaches were truly migraine, as opposed to vascular, no physician questioned the existence of such

5

headaches. The absence of unequivocal evidence of migraine headaches does not mean that claimant does not suffer from them, as there is no "dipstick" laboratory test for such headaches. See Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 744 (10th Cir. 1993)(lack of specific test for chronic fatigue syndrome did not mean claimant failed to present medical evidence of disability).

We note that the ALJ's decision is somewhat ambiguous as to whether he found simply that claimant did not suffer from headaches, or whether he found that claimant's headaches did not affect his capacity for light work. If the ALJ intended to make this second finding, he was required to analyze claimant's headache pain under Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). The generalized discussion at the beginning of the ALJ's decision did not fulfill this requirement. Even if the ALJ accepted the existence of claimant's headaches, therefore, his failure to analyze whether such headaches produced disabling pain was legal error, requiring remand.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED with directions to remand the case to the Social Security Administration for further proceedings.

Entered for the Court


James E. Barrett
Senior Circuit Judge

6